Good morning, Your Honors. May it please the Court, Alan Diamante for Petitioner, Mr. Galeana-Mendoza. In this case, the Immigration Judge, the Board of Immigration Appeals, and the Respondent have not raised that a violation under Section 243E of the California Penal Code is a crime of violence under Section 237A2EI of the Immigration Act. Therefore, the focus today is whether or not Section 243E is a crime involving moral turpitude, and therefore, should bar a Petitioner from qualifying for cancellation or removal. And that's the only issue we have, is the moral turpitude issue in this case? That's correct, Your Honor. Now, the Respondent is arguing that domestic battery should be equated with domestic violence, and the two are very different. This Court should not collapse the distinction between force and violence, while 243E is Section 242 with a sentence enhancement. Section 242 is... Let me ask you this, though. When we're talking about moral turpitude, there's a lot of things that involve moral turpitude that don't have violence. Why do we have to, why is that part of the, you know, I mean, if we go there, where you're asking us to go, we would be saying that violence is now a requirement of this, correct? And I'm not, I think that's going where no one's gone yet. Well, I'm not going there, because there's different types of crimes involving moral turpitude. There's crimes against persons, crimes against property, there's fraud cases, theft cases. And if we look at the cases that do deal with crimes against persons, I refer to the case Gargeta. And Gargeta specifically indicates that infliction of bodily harm is a factor. And if we look at other cases, like a matter of corn, we look at to see whether or not there's evil intent, basefile, depraved activity. And if we look at matter of tran, the test is whether there's a vicious motive, a corrupt mind. Now, let's consider here that all we need is an offensive touching to have a violation. And I could illustrate an example for the court. If, for example, if someone is married and studying to get their master's at the university and is residing in a dorm, brushes against somebody in the hallway, who's getting out, who just got out of the shower, is wearing their towel, that person is offended, that cohabitant could call the police and the defendant in that case could be in violation of 243E. So it's very broad. Has the BIA in a precedent or in a non-presidential decision ever held whether a simple battery is a crime of moral turpitude? As far as I know, Your Honor, it is held that the simple battery is not a crime involving moral turpitude. And what about this Court? Have we ever held anything to that, about that? Not that I'm aware of. Any other appellate court that you know? I'm not aware of, Your Honor. But what about when you add the relationship, that there's a domestic relationship? Clearly the legislature has seen fit to punish differently or separately the relationship in a home where there's children present where it's domestic, recognizing that that's a different situation. So why couldn't the relationship make that different than a simple battery? That is a good question. And a matter of trend focuses on that. And of course, the relationship is important because it's a relationship of potential trust or dependency. However... You have to go to sleep, you know. You have to close your eyes at night when you live with someone. And so that obviously trust and dependency are factors. Correct. However, a matter of trend, I actually said there had to be like a vicious motive and a corrupt mind. And again, we're talking about a simple battery, but the victims are specified differently, and therefore there's a sentence enhancement. So that's what the California legislature has done, is created a sentence enhancement to protect those individuals. And if there actually is violence, if there actually is an infliction of corporal injury that which causes traumatic condition, then the DA could charge that person, the defendant of violation is 273.5, in which case we'll concede that is a crime of volume or interpretude, and that is a crime of violence. But there's a major distinction between the two, and that's where the respondent has gone wrong in their argument, is that they equate domestic battery, which I would consider 243E, and domestic violence, which is 273.5. Therefore, in this case, the petitioner is seeking cancellation or removal, and if the court finds that 243E is a crime of volume or interpretude, he will not be able to show the court that his three teenage children, citizen children, will suffer exceptional and extremely unusual hardship, and thus will be separated from his family or be forced to take his family out of the country. In conclusion, this court should distinguish domestic battery from domestic violence and hold that Section 243E is not a CIMT, nor a crime of violence under federal immigration law, and remand the matter for adjudication for the cancellation or removal claim. The Supreme Court in California has found that a mere touching, the least touching, one could be guilty of battery, and that would also be a 243E offense if we have the specified victims. Thank you very much. Thank you. Good morning, Your Honors Counsel. My name is Margaret Kaye Taylor. I represent the government in this matter. As is clear from the opening argument, the petitioner is seeking to remove the CIMT from domestic battery. The pivotal question, although not the only question, is whether Mr. Galeana's two convictions for domestic battery constituted a CIMT, which not only, and this is where they're... Constituted a crime of moral interpretude? Excuse me? You're using CIMT. You're using abbreviations that... Go ahead. We've got the time. Give us the words. All right. I will use that. A crime involving moral interpretude. Thank you. This is certainly the pivotal issue, but it is not the only issue, because the immigration judge denied cancellation of removal on three grounds, all relating to the two domestic battery convictions. The three grounds upon which the immigration judge denied cancellation were, one, that because of the two convictions, Mr. Galeana was barred. I'm sorry? Ineligible for cancellation. He was ineligible for cancellation. He was also ineligible for cancellation, based on the two convictions, because they broke the 10 years of continuous physical presence. Because under INA 240A, a cancellation application has to have been continuously physically present in the United States 10 years prior to filing the application. And once an alien has a conviction, or in this case two convictions, that physical presence is broken. But do those have to be crimes of moral interpretude also? So we still have the same problem, right? Right. It all comes to the crime involving moral interpretude. But there were really three bases for the denial of cancellation. But in the end, we still have to decide whether this is a crime of moral interpretude. Exactly. That is the pivotal issue. Okay. There is one more basis for the denial, and that was that he could not, that he did not meet the good moral character. But that was for the same reason again. Exactly. Right. So we're still in the same place. Exactly. Well, yes, but there are those three issues. Now, focusing on the crime involving moral interpretude, the question, as Judge Callahan noted, is not whether it is a crime of moral interpretude, whether it's a crime of violence, but rather whether the conviction was for a crime that was base, vile, depraved, and conduct unacceptable between two human beings. So that's really what we're seeing. Well, so let's start with the question of do you have a position as to whether a simple battery, in this instance a 242, would be a crime of moral interpretude? If we don't have a 242... I understand that, but I'm trying to, for reasons... It's called a hypothetical. I'm trying to see, you know, what is the, I'm looking for the pivotal point as to where, as to the legal question. Is it that the battery makes it a crime of moral interpretude in your view, or is it the relationship? In this case, it's both. I know that, but it was therefore helpful to know whether without the relationship it would be a crime of moral interpretude. I believe there are BIA cases, as far as I know, non-presidential, saying no, but I don't, that it's not a crime of moral interpretude. Well, actually, I do have a couple of cases in mind, Your Honor, that speak to this question. One of them is matter of fualau. I don't know if it's cited in these briefs, so let me give you the cite really quickly. It's 21INA Decision 475. And fualau is a decision that had to do with assault, so a related crime. And it was a simple assault, and the board held that that was not a crime involving moral interpretude. However, in fualau, the board commented, saying this is different from a crime where there would be a simple assault, and it was paired with a special relationship. In this case, the board was referring to the special relationship or the special person, which was a peace officer, referring to its decision in matter of dinash, and said in fualau, or whatever that's called, was it a spouse or a cohabitant? No, no, no. It was just a bar room situation. So there the board held simple assault, not a crime involving moral interpretude, but it would have been a crime involving moral interpretude if, for example, the assault had been against a peace officer. So is this the first case where the boards determined that the special relationship plus the battery is moral interpretude? Your Honor, I'm not sure if that's the first one, but it is one. Okay. Plus, we don't have a board opinion anyway. We just have an IJ opinion. In the instant case, that's correct. It's a streamlined case. That's right. Why does the board streamline cases like this? It's not terribly appropriate. We had a non-bank case recently, similarly. I mean, if this is a case of first impression, they should review it, and they didn't. We don't know what they decided. And we can't give a Chevron deference because they didn't decide anything. Well, of course, I wasn't privy to the decision. I understand that. It's a problem for you as well, because you're now arguing from the IJ decision in a case of first impression, which is not what's supposed to be happening in streamlining. But the court still has a decision that it can review, and so that's what's before the court today. Well, I think what Judge Berzon is saying, though, also is that we'd like to give the board the first opportunity to speak on an issue, but when they pass, and then they complain that if we got it wrong, well, if they'd spoken first, that would be helpful. I understand, Your Honor. Also, to answer Judge Berzon's question to my opposing counsel, whether this court has ever spoken to the question of whether a misdemeanor domestic battery constitutes a CIMT. This court has actually spoken to that question in Fernandez-Ruiz. In which case, I'm sorry? Fernandez-Ruiz. It's at 410 Expert. This case is not on bank right now. Yes, that's correct. But the question that you posed, I believe, is whether the court had ever addressed it, and also you said whether the board has issued a decision, precedential or non-precedential. My understanding, I mean, one possibility would be to hold this case for Fernandez-Ruiz, but is Fernandez-Ruiz a crime of moral interpretive? It is. But I thought it was mainly an injury problem, but maybe I'm wrong about that. I thought it was a crime of violence. It's a crime of violence and recklessness, how recklessness factors into it. I don't think it is a crime of moral interpretive problem. You're right, Your Honor. Well, I was there, okay? So I was either at the wrong place, but I recall being there. I'm not betting my firstborn on this, but I was there. In any event, the court did say... Your basic proposition, as I understand it, is that although the least touching form of battery that California has is not a crime of moral interpretive by itself, but it is if it's done on a domestic person. And so maybe in your next minute you can tell us what the difference is. Well, Your Honor, I don't even think the court needs to go that far in this case, possibly when you're talking about the family, and you're deciding all of them, that issue would come up. But in this case, there was a battery, and there is a domestic relationship. And so it was reasonable for the immigration judge to find that it was a CIMT. Yeah, but what kind of a battery? What kind of a battery did we have here? It doesn't matter. That's what Judge Verzant was getting at. That's your argument. It really doesn't matter. As long as it's a battery and there's a special relationship, that's all you need. That's correct, Your Honor. And then, yes, I do agree with that. How? I mean, this is such an amorphous concept. How do we decide this? It just doesn't seem to be something that is appropriate for judicial determination. What are the criteria that we're applying here? Well, moral turpitude is by its very nature very amorphous. And because it's so amorphous, it really should be decided at the agency level where they see how it was decided. It just wasn't decided at the board level. Thank you very much. Thank you. Counsel. You'll have four minutes, which you can use. I won't even utilize those four minutes, but I do want to make reference to a matter of fallout. My understanding in that case, the BIA found that simple assault could not be a CIMT unless assault results in serious bodily injury. Is there no special relationship? Well, the issue in that case had to do with police officers, so there wasn't a special relationship in that case. So assuming we did have a special relationship, again, we're looking at a battery, a simple battery. And we're not looking at serious bodily injuries. Excuse me. In that case, didn't they find that because it was a police officer, it was a crime of moral turpitude? No. My understanding is they didn't. No. She said fallout was a barroom fight. Now, you're saying it was a battery on a police officer? To just be accurate, Your Honor, I do not recall the details, the facts of that case. I think we'd better look at it. What I am aware is they said in that case that they found that simple assault could not be a CIMT unless it results in serious bodily injury to the victim. So if we're looking at the injury to the victim, that obviously is not an element for purposes of simple battery. We already have case law saying that if there's an injury to the victim, that is a crime of moral turpitude. Battery, domestic battery or whatever, I believe there is Ninth Circuit case law on that point, but not on this kind of battery. Correct. Thank you very much.
judges: Thompson, Berzon, Callahan